# United States District Court
## WESTERN DISTRICT OF MICHIGAN

**UNITED STATES OF AMERICA**
V.
**PATRICK O'MEARA, JR.**

SECOND **ORDER OF DETENTION PENDING TRIAL**

Case Number: 1:11-CR-299

In accordance with the Bail Reform Act, 18 U.S.C.§3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I - Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. §3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is

☐ a crime of violence as defined in 18 U.S.C.§3156(a)(4).

☐ an offense for which the maximum sentence is life imprisonment or death.

☐ an offense for which the maximum term of imprisonment of ten years or more is prescribed in _____

☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C.§3142(f)(1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternate Findings (A)

☒ (1) There is probable cause to believe that the defendant has committed an offense

☒ for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. § 801 et seq

☐ under 18 U.S.C.§924(c).

☒ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure ~~the appearance of the defendant as required and~~ the safety of the community.

### Alternate Findings (B)

☒ (1) There is a serious risk that the defendant will not appear.

☒ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

TIMELINE: The defendant first appeared on this indictment in this court on November 23, 2011. The government moved for detention and requested a 3-day continuance. Because of the Thanksgiving holiday and the weekend, the detention hearing was set for 11/30/2011, within the 3-day window.

On 11/30/2011, defendant's prior retained counsel requested a continuance, pointing out that there might be a warrant/hold out of the ND/OH, where defendant was on supervised release, which he might need to address (continued on attachment)

## Part II - Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by clear and convincing evidence that the presumption that defendant will be a danger to the community has not been rebutted, and alternatively, make the same finding without the presumption, on the basis that there is probable cause to believe based on the evidence presented, and the indictment, that defendant was part of a scheme to traffic in 12,000 pounds of marijuana here in Western Michigan, while he was supposed to be behaving himself in Ohio while on supervised release to a federal court (continued on attachment)

## Part III - Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated: April 9, 2012

/s/ Hugh W. Brenneman, Jr.
*Signature of Judicial Officer*

Hugh W. Brenneman, United States Magistrate Judge
*Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. §801 *et seq.* ); (b) Controlled Substances Import and Export Act (21 U.S.C. §951 *et seq.* ); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. §955a).

**Alternate Findings (B)** - (continued)

first.  The detention hearing was rescheduled to 12/5/2011.

On December 5, 2011, the court was informed by defense counsel (during a fire drill which interrupted commencement of the proceedings) that a further continuance was requested, and the court postponed the matter to December 7, 2011.

On December 7, 2011, the court and parties were informed about a new arrest warrant out of the ND/OH, and defendant waived the detention hearing, reserving his right to re-open the matter should the situation in Ohio be resolved.

Defendant subsequently retained new counsel who filed a request for a detention hearing on April 5, 2012, and that hearing was held on April 9, 2012, a date agreed upon by both counsel.

FACTS SUPPORTING DETENTION:  Since the December 7, 2011 detention hearing which was waived, a Second Superseding Indictment has been filed naming defendant in a second drug charge.  Both pertain to a 12,000 pound shipment of marijuana.  Federal agents had the shipment under surveillance at a warehouse in Wyoming, MI, where this defendant was seen for approximately one hour.  Defendant was subsequently seen in the presence of another one of the named co-conspirators in this matter, and pursuant to a search warrant executed on 10/26/2011, $5,000 and 1/2 lb. of marijuana was found at his girlfriend/wife's house in town.  There was some suggestion this marijuana may have belonged to his son and was not related to the earlier shipment mentioned.

Defendant was previously convicted in the ND/OH in 2003 for distribution of cocaine, sentenced to 68 months in prison and 96 months on supervised release.  He was on supervised release when this incident occurred.  Defendant apparently did not have permission from the ND/OH to travel to this district, nor live in this district with his girlfriend.  The U.S. Probation Officer supervising defendant in the ND/OH thought the defendant was residing with his sister in Norton, OH.  Defendant was recently married to his girlfriend in Las Vegas, Nevada, but also traveled there without permission.

Also while on supervised release to the ND/OH, defendant was stopped in this district for a traffic offense, at which time he produced a false ID with his picture but the name of a different person with a Canadian address, and a different birth date.  In fact, he pled guilty under the false name, thus perpetrating a fraud on the court as well as on the police.

**Part II - Written Statement of Reasons for Detention** - (continued)

in that state. In addition, defendant has used an alias to deceive the police in Wyoming, MI, in an unrelated matter, and has taken that fraudulent conduct so far as to plead guilty and be convicted under a false name.  This court cannot trust defendant to adhere to rules governing his release, anymore than the Ohio federal court can.  Also, if he uses aliases, and repeatedly leaves his district without permission, he is a flight risk.